YOLANDA IVETTE BONILLA, ETC., Plaintiff and Appellant v. JUAN RIVERA, Defendant and Appellee.

No. 11972. Submitted April 2, 1958.—Decided April 18, 1958.

*Héctor Lugo Bougal* for appellant.   *Carlos E. Colón* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

This is an appeal from the judgment rendered by the Superior Court, Ponce Part, dismissing the action for support brought by the plaintiff minor against the defendant named in the above-entitled case.   The only error assigned was that the lower court erred in weighing the legal effect of the evidence introduced at the hearing of the case.

The lower court found that (a) the minor, Yolanda Ivette Bonilla, was born on June 24, 1954 at full term, that is, in the term of nine months as of the date of conception; (b) that the child was conceived on any one day during the period covered by the months of October and November 1953, the date of conception being undetermined; (c) that during the months of October and November 1953, the defendant and the mother of the minor, Yolanda Ivette, had one single coitus which lasted several minutes and that they had no sexual intercourse on any other occasion.

As a question of law, the court concluded that (1) the date of the coitus between the defendant and the mother of the plaintiff minor was not established accurately, and that there was no basis for computing mathematically the period of gestation; (2) the evidence did not establish that the mother of the plaintiff had continuous concubinary or sexual intercourse with the defendant during the months of October and November 1953, "and in view of those circumstances and the complete inaccuracy of the date of the last coitus, we believe that the plaintiff has not proved to satisfaction the alleged

coitus and, hence, the paternity (*People* v. *Cáceres*, 65 P.R.R. 344; *People* v. *Rotger*, 55 P.R.R. 133–36)"; and (3) the paternity not having been established, the defendant should not have been ordered to pay allowance for support to the plaintiff.

According to the findings of fact of the trial court, the plaintiff minor was conceived during the period of time between the months of October and November 1953, and in that same period the defendant had sexual intercourse, although once only, with the plaintiff's mother. The mother testified that her daughter, plaintiff herein, is a seven-months child, that is, that she was born at the end of seven months after conception. Although the lower court concluded that the plaintiff was a full-time delivered baby, that is, born in the term of nine months from the date of conception, there is no evidence in the record to support such finding. The only evidence offered in support of that fact is the clinical record of the plaintiff's mother which was offered by the defendant, but that record was admitted, according to the trial judge's own words, "exclusively for the purpose of establishing that the plaintiff, Carmen Rosa Bonilla, the mother of the girl in question, was confined in the Tricoche Hospital on June 24, 1954, shortly after delivering a child, and that the child weighed five pounds and two ounces and was seventeen inches tall." What the evidence does show is that if the child had been conceived in one of the days from October to November, as concluded by the lower court—and this agrees with the date of the only coitus—the child was born seven months after conception or thereafter. This implies that the child-birth was viable.[1] It is not correct, therefore, to affirm that

---

[1] Our Civil Code, like a majority of the European codes, in establishing the presumption of legitimacy of the children born of the marriage, concedes that a viable child can be born between the 180th and the 300th days after cohabitation. Section 113 of the Civil Code (31 L.P.R.A. § 461); 1 Manresa, *Código Civil Español* 645; 3 Scaevola, *Código Civil* 291; Gradwohl, *Legal Medicine* 806. The medical science concedes that the normal period of duration of pregnancy is approximately 270 to 280 days, but it

in this case the judge had no ground on which to base a mathematical computation for the purpose of determining whether the plaintiff child was conceived as a result of the coitus between the mother and the defendant. The facts in the cases of *People* v. *Rotger*, 55 P.R.R. 133, *People* v. *Cáceres*, 65 P.R.R. 344, and *People* v. *Santiago*, 67 P.R.R. 80, are different from those in the present case. In the *Rotger* case the mother of the child testified that she lived with the defendant two or three months before the child was born, and, consequently, this Court says at p. 135, that "Since it does not appear ... that he had sexual contact with her within any determined date within the period of gestation, we must agree with the prosecuting attorney of this Court that the evidence does not show beyond a reasonable doubt that the appellant is the father of the child." In the *Cáceres* case the mother testified that she had sexual intercourse with the defendant and had a child by him; that the defendant told her that when the law for recognition was approved, he would recognize him. This Court then said that, in view of the fact that the mother never specified, even approximately, the date nor dates on which the sexual intercourse took place, it was unable to see how, under the doctrine of the *Rotger* case, the district court could have found beyond a reasonable doubt that the defendant was the father of the child. And, lastly, in the *Santiago* case the date of the birth of the child was not established. This Court said at p. 82: "In the case at bar, the evidence for the prosecution believed by the trial court at most tended to show that the defendant had sexual intercourse with the prosecutrix during three months beginning in January, 1945. This evidence does not reveal that the minor was defendant's child, inasmuch as the date when the child was born not having been proved it cannot be determined that within the period of gestation the prosecutrix had sexual

---

admits that in some cases it may last only 240 days, and even less, or extend to 300 days or longer. Gonzales, Vance, Helpern and Umberger, *Legal Medicine; Pathology and Toxicology* 562; Eastman, *Obstetrics* 198.

intercourse with the defendant. The complaint does not reveal the date either."

Only by forcing improperly the doctrine announced in these three criminal cases could we apply the same to the present civil action. The lower court erred in so doing.

However, in view of the fact that some of the conclusions of the trial judge are conflicting, and in view, further, that they do not clearly reveal the degree of credibility which he accorded the oral evidence presented by the parties, particularly since the judge stated that plaintiff's mother had incurred fundamental contradictions at the hearing of another proceeding before another court, the judgment appealed from will be reversed and the case remanded for new findings of fact and conclusions of law, free from the erroneous belief on the part of the judge that the doctrine laid down in the *Cáceres* and *Rotger* cases, *supra*, is applicable to the present case.